UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IBRAHIMA ALHASSAN SAMBA,   :

       Petitioner,   :   CIVIL ACTION NO. 3:26-1157

       v.   :   (JUDGE MANNION)

CRAIG LOWE, *et al.*,   :

       Respondents.   :

## MEMORANDUM

Pending before the Court is Ibrahima Alhassan Samba's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED** insofar as it requests a bond hearing.

### I.   BACKGROUND

Petitioner is a citizen and native of Ghana. (Doc. 10-2 at 3-4). He entered the United States on January 30, 2018, in Newark, New Jersey as a CR1 conditional resident. *Id.* On November 26, 2018, Petitioner was arrested by the Pennsylvania State Police and charged with Contempt for violating a Protection from Abuse Order. (Doc. 10-2 at 4). According to Petitioner, he

pleaded guilty to the charge and received six months of probation. (Doc. 11 at 4).[1]

On April 16, 2025, ICE served Petitioner with a Notice to Appear, indicating that his conditional residency status was terminated on February 27, 2023, due to his failure to appear for a scheduled interview on March 30, 2022. (Docs. 10-3, 10-4). On June 16, 2025, Immigration Judge Antonio Capistrano held Petitioner's removal hearing *in absentia*, because Petitioner failed to appear. (Doc. 10-5). Judge Capistrano ordered Petitioner removed. *Id.*

On September 19, 2025, ICE took Petitioner into custody at the Pike County Correctional Facility in Lords Valley, Pennsylvania, where he remains detained. (Doc. 10 at 3). On September 29, 2025, Judge Capistrano granted Petitioner's motion to reopen the removal proceedings. (Doc. 10-6). On November 3, 2025, Petitioner filed a motion for custody redetermination, which requested a bond hearing. However, a week later, Petitioner withdrew the request. (Doc. 10-7). On April 29, 2026, Immigration Judge Corey Combs

---

[1] Respondents claim that on June 1, 2022, ICE Enforcement and Removal Operation s ("ERO") met with Petitioner while he was incarcerated at the Pike County Correctional Facility. (Doc. 10 at 2). However, the exhibit Respondents provide offers no evidence of any June 1, 2022, visit, and Petitioner denies that he was incarcerated at any point in 2022. (Docs. 10-2 at 4, 11 at 4).

ordered Petitioner removed to Ghana. (Doc. 10-8). Petitioner timely appealed from that decision on May 26, 2026. *See* Automated Case Information, A-Number 066-127-417. Petitioner's appeal remains pending. *Id.*

Petitioner filed the instant habeas corpus petition on May 1, 2026. (Doc. 1). Respondents filed a response to the petition on May 19, 2026. (Doc. 10). Petitioner filed a traverse to the Respondents' brief on June 1, 2026. (Doc. 11). This matter is now ripe for disposition.

## II.   LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

- 3 -

## III.    DISCUSSION

### a.  Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact

- 4 -

arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel*

*v. Lowe*, 2025 WL 3772059, at \*3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at \*3 (E.D.Pa. Nov. 14, 2025)). Respondents argue that because Petitioner requested a bond hearing and subsequently withdrew the request, he should have reinstated the request to have a bond hearing before an Immigration Judge before turning to this Court for relief. (Doc. 10 at 8-11). Respondents further state that Petitioner "is required to pursue custody redetermination with the Immigration Court, and to the extent he may be dissatisfied with the result, exhaust the administrative remedy process at the BIA," (*id.* at 8) without acknowledging this Court's discretion to apply the administrative remedy doctrine in habeas proceedings.

Respondents claim that Petitioner is detained under 8 U.S.C. §1226(a), which *entitles* him to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). For this Court to deny the instant petition without prejudice for the mere purpose of forcing Petitioner to prolong his detention and request a hearing to which he is entitled would be a waste of judicial economy. Therefore, even if it were true that the impetus to initiate a bond hearing request was on Petitioner, in exercising its discretion, this Court will nonetheless analyze the merits of Petitioner's wrongful detention claim.

- 6 -

### c.  8 U.S.C. §1226(a) applies to Petitioner

Respondents claim that Petitioner's detention is discretionary pursuant to 8 U.S.C. §1226(a). (Doc. 10 at 1).

In *Cunha v. Freden*, the United States Court of Appeals for the Second Circuit ruled that it is "clear that Section 1226(a) governs detention of noncitizens like Petitioner . . . who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 2026 WL 1146044, *2 (2d Cir. Apr. 28, 2025). Since *Cunha*, the Sixth and Eleventh Circuits have joined the Second Circuit in ruling that §1226(a) applies. *Lopez-Campos v. Raycraft*, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026).

§1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under

- 7 -

§1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527, *supra*; *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing, but not entitled to a second bond hearing after their first has been denied).

"Federal regulations provide that aliens detained under §1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§236.1(d)(1), 1235.1(d)(1)). Here, Petitioner has been detained since September 19, 2025, and has still has not received a bond hearing. (Doc. 10 at 3-4).

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it requests a bond hearing. The Government will be required to provide Petitioner with a bond hearing under 8 U.S.C. §1226 within fourteen days of the Court's accompanying order.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 6/11/26

26-1157-01

- 8 -