**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IBRAHIMA ALHASSAN SAMBA,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-1157** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG LOWE, *et al.*,** | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Presently before the Court are Ibrahima Alhassan Samba's ("Petitioner") motion for reconsideration of the Court's August 7, 2026 Order granting his request for a second bond hearing, (**Doc. 21**), which the Court construes as a premature motion to enforce; and motion to enforce, (**Doc. 23**). For the reasons set forth herein, the motion to enforce will be **DENIED** and the motion for reconsideration will be **DENIED AS MOOT.**

## I. BACKGROUND

The matter before the Court arises from Petitioner's petition for a writ of habeas corpus, which he filed on May 1, 2026. (Doc. 1). Upon review of that petition, the Court found that Petitioner's detention under 8 U.S.C. §1226(a) without a bond hearing violated his due process rights. (Doc. 12 at 7-8). Accordingly, the Court ordered that the Government provide Petitioner

a bond hearing in accordance with its June 11, 2026 Memorandum and Order. (Doc. 13).

On July 6, 2026, Petitioner filed a motion to enforce the Court's June 11, 2026 Order. (Doc. 15). The motion argued, *inter alia*, that Petitioner's court-ordered bond hearing did not comply with the Court's Order because the immigration judge ("IJ") did not consider the evidence he submitted, despite having received it. (Doc. 15). Acknowledging that petitioners are entitled to "fact[-]finding based on a record produced before the decisionmaker," the Court granted Petitioner's motion to enforce and ordered that he receive a second, constitutionally adequate bond hearing, at which his submitted evidence is considered. (Doc. 20); *see also White v. Lowe*, 2025 WL 3187511 at *2 (M.D.Pa. Nov. 14, 2025). The Court further directed the Government to file a declaration pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with its Order. (Doc. 20 at 5).

In the days leading up to his new bond hearing, Petitioner filed the instant "emergency motion for reconsideration," which argues that "the [G]overnment cannot be trusted again to provide [P]etitioner with a fair bond hearing[,]" and accordingly, the Court should immediately release Petitioner instead. (Doc. 21 at 2). Two days later, Petitioner was provided a bond

hearing before IJ Thomas Shusted. (Doc. 22 at 1). IJ Shusted denied Petitioner's bond request based on a finding that he is a danger to the community and a flight risk. (Doc. 22-4).

Five days later, on August 26, 2026, Petitioner filed the instant "emergency motion to enforce." (Doc. 26). On September 11, 2026, Respondents filed a response to both Petitioner's "motion for reconsideration," and "emergency motion to enforce[.]" (Doc. 25). On September 29, 2026, Petitioner filed a reply in support of the motion to enforce; Petitioner did not file a reply with respect to the motion for reconsideration. (Doc. 26). Accordingly, these matters are ripe for disposition.

## II. DISCUSSION

Petitioner's motions ask for the same relief—that the Court release him from custody because he has not, and will not, be given a constitutionally adequate bond hearing. Petitioner argues that the most recent bond hearing was constitutionally insufficient in violation of the Court's August 7, 2026 Order. More specifically, he argues that the IJ:

> [R]eceiv[ed] Petitioner's evidence but during the bond hearing not one time did the court consider the evidence that [P]etitioner provided[.] Petitioner started to state the conditions of his confinement as this is also a major factor in considering

> if [P]etitioner's continued detention is justified as [P]etitioner ha[s] been detained in jail for eleven months . . . Not only was [P]etitioner's evidence not considered or given weight the Judge did not consider or explain how [P]etitioner poses a danger currently and did not consider alternative means to detention. Petitioner's claim[ ] was dismissed twice during the bond hearing and what seem[ed] like the [IJ] was in a hurry to give a judgment. Petitioner was denied Due Process at his bond hearing[;] his bond hearing was unlawfully conducted and . . . constitutionally deficient.

(Doc. 23 at 4, 9). He reasons, therefore, that the IJ's determination that he poses a flight risk and danger to the community was improperly made, and that the bond hearing itself consequently did not comply with this Court's order. *Id.* In response, the Government argues that the Court lacks jurisdiction, that Petitioner failed to exhaust administrative remedies, and that the bond hearing did comply with the Court's Order. (Doc. 25).

Starting with the question of exhaustion, "[a] petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, Petitioner

challenges the constitutionality of his bond hearing, as opposed to the merits. A challenge of the merits would appropriately be made to the Board of Immigration Appeals ("BIA"), but a due process challenge is properly within this Court's jurisdiction.

Turning to the issue of jurisdiction, "[n]o court may set aside any action or decision by the Attorney General under this Section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. §1226(e). Indeed, while this Court cannot review an IJ's decision, an exception exists which allows the court to "review whether the bond hearing was fundamentally unfair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, 2022 WL 574624 at *2 (3d Cir. 2022); *see also White v. Lowe*, 2025 WL 3187511 at *2 (M.D.Pa. Nov. 14, 2025) ("The Third Circuit has repeatedly recognized that this language means what it says: courts may not reverse an administrative decision denying bond in an immigration proceeding[.]") (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018)).

In a fundamentally fair bond hearing, due process has three essential elements:

> An alien: (1) must be entitled to fact[-]finding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own

> behalf; and (3) has the right to an individualized determination of his [or her] interests.

*Id.*

This Court has reviewed the bond hearing transcript in full, and finds that the bond hearing satisfied the fundamental fairness factors. Unlike in Petitioner's first bond hearing, IJ Shusted reviewed the evidentiary record submitted by Petitioner. (Doc. 25-1 at 9) ("Oh, I see there is also evidence from [Petitioner], which is marked as Exhibit 8 . . . and additional DHS evidence . . . they've been marked, and I'll admit them . . . I did review all of the exhibits[.]"). The IJ also heard arguments from both parties, and determined that Petitioner is a danger to the community and a flight risk. *Id.* at 14-15.

Thus, the bond hearing complied with the due process requirements for a bond hearing. *Ghanem*, 2022 WL 574624, *2 (finding that the petitioner's arguments that an IJ relied on unreliable and inadmissible evidence constituted "evidentiary quibbles [that] fail to demonstrate that the government deprived [the petitioner] of a fundamentally fair bond hearing, which is all that the District Court required."). To the extent Petitioner disagrees with the outcome of his bond hearing, he may file an appeal with the BIA.

## III. CONCLUSION

Considering the foregoing, the motion to enforce, (**Doc. 23**), will be **DENIED**, and the motion for reconsideration (**Doc. 21**) will be **DENIED AS MOOT.**

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 10/7/26
26-1157-02